IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

Roger Askew
  Plaintiff

vs.

Civil Action No. _____

Jermaine White, Warden, Washington State Prison, Timothy C. Ward, Commissioner Department of Corrections, Individually and in their Offical Capacities,
  Defendants

COMPLAINT
Class Action

I. Jurisdiction and Venue

1. This is a civil action authorized by 42 U.S.C. Sec. 1983 to redress the deprivation under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Sec. 1331

1.

and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Sec. 2201 and 2202. Plaintiff claims for injunctive relief are authorized by 28 U.S.C. Sec. 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure. Plaintiff also seeks relief pursuant to the Eighth Amendment and the Fourteenth Amendment due to COVID-19 coronavirus.

2. The Middle District Court of Georgia, Macon Division is an appropriate venue under 28 U.S.C Sec. 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff <u>Roger Askew</u> is and was at all times mentioned herein a prisoner of the State of Georgia in the custody of the Georgia Department of Corrections. Plaintiff is currently confined in Washington State Prison, in Davisboro, Georgia 31018.

## III. DEFENDANTS

4. Defendant, Timothy C. Ward is the commissioner of the State of Georgia Department of Corrections. He is legally responsible for the overall operation of the Department and each institution under its jurisdiction, including Washington State Prison.

5. Defendant Jermaine White is the Warden of Washington State Prison. He is legally responsible for the operation of Washington State Prison and for the welfare of all the inmates in that prison.

6. Each defendant is sued individually and in his offical capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## III. FACTS

7. The plaintiff is concerns about COVID-19 where they are held in tight quarters and unable to keep safe distance from

others who may and with time, inevitably will - carry the highly contagious virus. It is impossible to maintain the recommended distance of six (6) feet from others and they must also share or touch objects used by others.

8. Inmates beds are situated only three (3) feet apart and that meals are inadequate and eaten in close quarters.

9. For instance the Washington State Prison lack adequate soap, toilet paper, and medical resources and infrastructure to address the spread of infections disease or to treat people most vulnerable.

10. Hygiene is unavailable and unavailing under the conditions and Plaintiff is unaware of any meaningful safety measures enacted by Defendants since the inception of this crisis.

11. Plaintiff confinement under these conditions is a tinderbox. Plaintiff warn that once sparked will engulf the

4.

facility.

12. The Center for Disease Control and Prevention ("CDC") states that "COVID-19 spreads mainly among people who are in close contact (within about 6 feet) for a prolonged period," and therefore recommends that everyone practice "social distancing" -- even among those with no symptoms, asymptomatic people. CDC, <u>Social Distancing, Quarantine, and Isolation</u> (review Apr. 4 2020), https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/social-distancing.html (last accessed Apr. 6 2020). The CDC thus advises that everyone stay at least six (6) feet (2 meters) from other person.

13. The CDC has issued guidance specifically for prisons and detention centers that beat the same drum. CDC, Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities, at 4 (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-

correctional-detention.pdf. ("Although social distancing is challenging to practice in correctional and detention environments, it is a cornerstone of reducing transmission of respiratory disease such as COVID-19.") ("Social distancing is the practice of increasing the space between individuals and decreasing the frequency of contact to reduce the risk of spreading disease (ideally to maintain at least 6 feet between all individuals, even those who are asymptomatic)"

## IV. EXHAUSTION OF LEGAL REMEDIES

14. Plaintiff is requesting court intervention without waiting for exhaustion, because there is no irreparable harm exception. Under the PLRA, courts retain their traditional equitable discretion to grant temporary relief to maintain the status quo pending exhaustion. Jackson v District of Columbia, 254 F3d 262, 267-68 (D.C. Cir 2001). This is a COVID-19 Pandemic emergency.

# V. LEGAL CLAIMS

15. Plaintiff reallege and incorporate by reference paragraphs 1-14.

16. The unsafe conditions cause by the risk of COVID-19 violated Plaintiff Roger Askew rights and constitute a Eighth Amendment violation of the Plaintiff rights and a due process violation of the Plaintiff rights under the Fourteenth Amendment to the United States Constitution.

17. The Plaintiff is 52 year old and is experiencing serious medical conditions ATORVAstatin-40MG - Vitamin D-1000 Ibuprofen 600 Gm - Docusate Sodium 100 mg Aspirin EC 325G-m.

18. The Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. The Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendants unless this court grants

7.

the declaratory and injunctive relief, along with the relief associated with COVID-19 which plaintiff seeks.

## VI. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff.

19. A declaration that the acts and omissions described herein violated plaintiff's right under the Constitution and laws of the United States.

20. A preliminary and permanent injunction ordering defendants Timothy C. Ward, commissioner of Department of Corrections and Jermaine White, warden, to release a order to discharge plaintiff from prison or implentation of social distancing and other hygienic practices recommended in infectious disease experts. see "CDC," because of the coronavirus, COVID-19, conditions puts plaintiffs at serious risk for an injury in the future.

8.

<u>Helling v McKinney</u>, 509 U.S. 25 (1993)

21. Order release from confinement or in the alternative release on bail on own recognizance pending review of <u>state Board of Pardon and Parole review</u>

22. Plaintiff's costs in this suit.

23. Any additional relief this court deems just, proper, and equitable

Date: 5-29-2020

Respectfully submitted
Askew Roger
GDC 405149
Washington State Prison
P.O. Box 206
Davisboro, GA 31018

9.

## VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Davisboro, Georgia on 5-29-2020

Askew Roger
GDC 405149